UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH F. ANDERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>N. KUSHNER, et. al.<br><br>　　　　　Defendants.<br>_____/ | 05 CV 00455 OWW LJO P<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1).<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK FORMS. |

**A. INTRODUCTION**

Keith F. Anderson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Complaint filed on April 7, 2005.

**B. SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners when they are seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(A). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
2  which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in
3  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
4  467 U.S. 69, 79 (1984), citing, Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
5  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  Reviewing under this
6  standard, the Court must accept Plaintiff's allegations in his Complaint are true.  Hospital Bldg.
7  Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976).  The Court must also construe the
8  Complaint in light most favorable to the Plaintiff, and resolve all doubts in the Plaintiff's favor.
9  Jankins v. McKeithen, 395 U.S. 411, 421 (1969).

10  **C. PLAINTIFF'S ALLEGATIONS**

11  Plaintiff brings an action against several Defendants including N. Kushner, Jeanne S.
12  Woodford, James A. Yates, H.D. Sacks, D. Sylvester, N.E. Villa, D. Flores, Michael L. Benton,
13  R.H. Trimble, M. Hodges, and N. Grannis.  On August 1, 2003, Plaintiff states he was
14  transferred to Pleasant Valley State Prison (PVSP) along with his medical files that indicated he
15  had a mobility disability classifying him as protected under the American's with Disabilities Act
16  and Rehabilitation Act and contained a prescription for this impairment.  During the same day,
17  Plaintiff states he went to see a nurse, and the nurse referred him to an unnamed doctor to
18  evaluate the disability in his back and determine if his prescription should be continued.  Plaintiff
19  alleges he went to the unidentified doctor, told the doctor about his symptoms, and the doctor
20  chose not to renew his prescription because he or she concluded that Plaintiff did not have a
21  disability.

22  On October 13, 2003, Plaintiff states he filed an administrative appeal to Defendants
23  D. Sylvester, Institutional Appeals Coordinator at PVSP, and J. A Yates, Warden at PVSP.  In
24  the appeal, Plaintiff requested a doctor re-evaluate his disability, renew his prescription, write a
25  prescription for non-motrin medication, a lower bunk, limit his work, and for an egg crate
26  mattress to avoid the increasing pain in his back.  Plaintiff concedes that on October 31, 2003,
27  Defendant D. Flores, Medical Appeals Coordinator, responded to his grievance and requested
28  that he set up a medical appointment to address all of his medical concerns.  Plaintiff alleges he

was dissatisfied with Defendant D. Flores's response, and on October 31, 2003, he appealed to the next level.

Plaintiff states that Defendant N. E. Villa, Institutional Appeals Coordinator at PVSP, responded to his appeal on November 4, 2003, and ordered the appeal to be cancelled for inappropriate language because Plaintiff's appeal contained the word "hell." Plaintiff alleges that Defendant N. E. Villa did not provide any instructions about how the appeal should properly be re-filed. Plaintiff claims he resubmitted his appeal on December 4, 2003, to Defendants D. Flores and N. E. Villa. Both Defendants, Plaintiff states, denied his re-filed grievance and threatened to permanently cancel all of his future appeals if he used inappropriate language again.

Around April 2004, Plaintiff claims that Defendant James A. Yates authorized Defendant N. Kushner, a Medical Doctor at PVSP, to see Plaintiff regarding his medical condition. Plaintiff alleges that Defendant N. Kushner failed to give him a physical examination, and instead, conducted an interview and visual assessment. Plaintiff contends that Defendant N. Kushner found he did not have a mobility impairment disability, and that Plaintiff's previous medical records were not a valid source to compare with his opinion about Plaintiff having no disability. Plaintiff states Defendant N. Kushner did not continue his medical treatment.

On April 13, 2004, Plaintiff states that Defendant H. D. Sacks, Chief Physician and Surgeon at PVSP, reviewed his medical record, and concluded that Plaintiff did not have a disability warranting him medical care and prescribed treatment. After Defendant H. D. Sacks determination, Plaintiff alleges that Defendants James A. Yates, R. H. Trimble, Michael L. Benton, N. Kushner, and H. D. Sacks concluded that his medical prescription should not be continued until a physician would determine that Plaintiff has a need for the prescription.

Plaintiff alleges that on July 9, 2004, Defendant Jeanne S. Woodford, Director of California's Department of Corrections, ordered Defendants M. Hodges-Wilkins, Appeals Examiner at PVSP, and N. Grannis, Chief of Inmate Appeals at PVSP, to investigate whether or not Plaintiff had a disability, and to determine legality of Defendants denying Plaintiff's medical services and prescriptions. During the investigation, Plaintiff contends that Defendants M. Hodges-Wilkins and N. Grannis did not pull his medical records, order medical testing, nor

conduct an in-person interview to visually examine Plaintiff's condition. Finally, Plaintiff alleges that Defendants M. Hodges-Wilkins and N. Grannis did not take action to Plaintiff's condition, and make sure all the other Defendants were in compliance with departmental procedures when they denied Plaintiff's request for medical treatment. Plaintiff alleges Defendants retaliated because they refused medical treatment after he filed a 603 appeal. Plaintiff asks for injunctive relief and monetary damages, among other things.

**D. ANALYSIS**

**1. Section 1983 Linkage Requirement and Federal Rule of Civil Procedure 8(a):**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an affirmative link or connection between the actions of the Defendants and Plaintiff's alleged deprivation. See Monell v. Dep't of Soc. Serv., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362, 371-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each Defendant with some affirmative act or omission that demonstrates a violation of his constitutional rights.

Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a). Rule 8(a) expresses the notion of notice-pleading, whereby the pleader is only required to give the opposing party fair notice of a claim. Conley, 355 U.S. at 45-46. Thus, Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

Plaintiff's Complaint is not in compliance with section 1983 linkage requirement or Rule

8(a) because it does not separate Plaintiff's constitutional claims against each Defendant, and does not consist of a short and plain statement of Plaintiff's claims. First, section 1983 requires Plaintiff to demonstrate how the conditions complained of resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff fails to explain how each Defendant violated his constitutional rights. Specifically, at the end of the Complaint, Plaintiff lists a number of claims without stating how the facts and Defendants are involved with those claims.

Second, Plaintiff does not plainly organize his claims as required under Rule 8(a). Fed. R. Civ. Pro 8(a). Plaintiff's Complaint should be short and to the point. At thirty-five pages, Plaintiff's Complaint is too long for the claims he presents to the Court. Plaintiff also unclearly presents the facts, and lists five claims at the end of his Complaint without connecting those claims to his facts. Rule 8(a) states that the purpose of the Complaint is to place the Defendants on notice as to the Plaintiff's claims. Fed. R. Civ. Pro. 8(a). Plaintiff's Complaint has not put the Defendants on notice as to what constitutional violation they each committed. Furthermore, it is not necessary to include all of the evidence in Plaintiff's possession.

Finally, is it unnecessary for the Complaint to contain any legal arguments, cite to legal authority (e.g. case law, statutes), or contain unnecessary background information. It is ultimately the Plaintiff's duty, not the Court's, to set forth his claims with sufficient clarity that the Court and Defendants are on notice as to which claims are being pursued in this action.

**2. Supervisory Liability:**

Plaintiff is informed that supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondent superior. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). Thus, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle, 607 F.2d at 862; Mosher, 589 F.2d at 441, *cert. denied*, 442 U.S. 941. To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations

and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

In Plaintiff's Complaint, Defendants James A. Yates, D. Sylvester, and Jeanne S. Woodford allegedly ordered the other named Defendants at various times to review Plaintiff's appeals or conduct a medical investigation.  Plaintiff has not alleged any facts indicating that those supervisory Defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen, 885 F.2d at 646.  Thus, Plaintiff fails to state a claim for relief under section 1983 for supervisory liability.

**3. Eighth Amendment Medical claim:**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves both a subjective and objective element.  First, the objective prong requires the alleged deprivation to be "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994), citing Wilson v. Seiter, 501 U.S. 294, 298 (1991).  Second, the subjective prong requires that the prison official acts with a "sufficiently culpable state of mind." Farmer, 511 U.S. at 837.  This state of mind is more than mere negligence, but less than intentional conduct undertaken for the very purpose of causing harm. Id.  The prison official must know of and disregard an excessive risk to an inmates health or safety. Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support a cause of action for an Eighth Amendment constitutional violation. Broughton v. Cutter Laboratories,

622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnoses or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff alleges he was denied medical treatment in violation of his Eighth Amendment rights. However, according to the Complaint, Plaintiff states he was denied medical treatment because Defendants N. Kushner and H. D. Sacks determined that Plaintiff did not have a medical condition warranting treatment. Plaintiff is stating that he disagrees with Defendants N. Kushner and H. D. Sacks medical opinion about Plaintiff not having a disability. Furthermore, Plaintiff makes reference to Defendants N. Kushner and H. D. Sacks incompetent and unethical decision-making. Such allegations relate to medical malpractice and disagreement of opinion, neither of which do not amount to a constitutional violation under the Eighth Amendment. Broughton, 622 F.2d at 460, citing Estelle, 429 U.S. at 105-06. Thus, Plaintiff has failed stated a claim for relief under section 1983.

**4. State Law claim:**

In this Complaint, Plaintiff alleges that Defendant N. Kushner conducted a reprisal against him, in violation of the California Code of Regulations (CCR) Title 15 § 3084.1(d). 15 CA ADC § 3084.1(d). Plaintiff's allegation, however is unclear. It is possible that Plaintiff is trying to bring a CCR Title 15 § 3084.1 claim that Defendant N. Kushner committed a tort violation against him. However, if this is the case, Plaintiff has not specifically alleged the type of tort violation Defendant N. Kushner allegedly committed. Plaintiff must clarify in the Amended Complaint whether Defendant N. Kushner negligently failed his duty of care (e.g. is at fault) when he gave instructions to the prisoner officials that Plaintiff's medical treatment requests should be denied, or that Defendant N. Kushner intentionally (e.g. purposefully) gave prisoner officials instructions that Plaintiff's medical treatment requests should be denied in

order to somehow harm him.

Plaintiff is informed that to the extent Plaintiff is claiming Defendant N. Kushner committed a tort violation, Plaintiff must abide by the California Tort Claims Act. California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Super. Ct., 32 Cal.4th 1234, 1245, 13 Cal. Rptr.3d 534, 543 (2004); Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, Plaintiff must allege compliance with the Tort Claims Act. State, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. L.A. Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). Thus, if Plaintiff argues Defendant N. Kushner committed a tort violation in his Amended Complaint, Plaintiff must also indicate in his Complaint whether he presented his Title 15 § 3084.1(d) claim to the California Victim Compensation and Government Claims Board.

**5. Inmate Appeals:**

Plaintiff is informed that there is no constitutional right to an inmate appeals process. The Ninth Circuit has held that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), *citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). The non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann, 855 F.2d at 640. See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive rights upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). A failure to process a grievance does not state a constitutional violation. Buckley, 997 F.2d at 495. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint"

that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995).

Plaintiff alleges he was denied his procedural due process rights when Defendants denied his administrative appeals for medical treatment.  However, the mere denial of grievances does not give rise to a procedural due process claim as Plaintiff has no liberty interest in the inmate appeals process.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), *citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Therefore, Plaintiff does not state a claim for relief under the Fourteenth Amendment of the Due Process Clause.

**6. Equal Protection claim:**

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose.  See San Antonio Indep. Sch. Dis. v. Rodriguez, 411 U.S. 1 (1973).  In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiff must show that Defendants acted with intentional discrimination against Plaintiff or against a class of inmates which included Plaintiff.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Fed. Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

Plaintiff argues he was denied equal protection because Defendants refused to review his medical records and denied him medical treatment.  However, Plaintiff does not present any facts indicating intentional discrimination by Defendants.  Furthermore, Plaintiff does not state how the Defendants are treating Plaintiff differently to similarly situated persons.  Thus, Plaintiff has failed to state a claim for relief under the Equal Protection Clause of the Fourteenth Amendment.

**7. Retaliation claim:**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Borjorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th cir. 1995).  To establish a prima facie case, Plaintiff must allege

9

and show that Defendants acted to retaliate for his exercise of a protected activity, and Defendants actions did not serve a legitimate penological purpose.  See Barnett v. Centoni, 31 F.3d 818, 816 (9th Cir. 1994); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

A Plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and Plaintiff's protected activity (i.e., filing a claim). McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274 (1977).  The prisoner must submit evidence, either direct or circumstantial to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. Pratt, 65 F.3d at 806.  Timing of the events surrounding the alleged retaliatory intent.  See Pratt 65 F.3d at 808; Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

Plaintiff may be attempting to state a claim of retaliation as he alleges that Defendants refused his medical treatment after he had filed a 602 appeal for prior refusal of medical treatment.  However, Plaintiff has not alleged facts linking each Defendant to an adverse act or omission that was undertaken *because of* Plaintiff's exercise of a First Amendment right.  Rather, Plaintiff contends he was refused medical treatment by several Defendants between August, 1, 2003, to February 18, 2005, after he filed a 602 appeal.  The Complaint must contain specific facts supporting a claim that Defendants acted as they did because of Plaintiff's engagement in protected activities (e.g., that they knew of Plaintiff's engagement in protected activities and retaliated against him because of that engagement in protected activities).  Thus, Plaintiff fails to state a claim for retaliation.

**8. Americans with Disabilities and Rehabilitation claim:**

Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132.  Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from

'the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794. Title II of the ADA and the RA apply to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

Plaintiff states that he was transferred to PVSP with his medical records classifying him as protected under the ADA and RA acts. However, Plaintiff fails to make an ADA claim because he does not allege that he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs or activities, nor if exclusion or discrimination was by reason of his disability. Lovell, 303 F.3d at 1052. Furthermore, Plaintiff fails to make an RA claim because he does not state that he was qualified for the benefit sought, was denied the benefit or services solely by reason of his handicap, and whether the program providing the benefit or services receives federal financial assistance. Id. Therefore, Plaintiff fails to state a claim upon which relief may be granted under the ADA and the RA.

**E. CONCLUSION**

The Court finds it necessary to dismiss the complaint, with leave to amend, for failing to state a claim upon which relief may be granted under section 1983, and failing to comply with rule 8(a). The Court has provided legal standards that appear to be applicable to Plaintiff's claims and will provide him with an opportunity to amend the deficiencies of this complaint. In drafting the Amended Complaint, Plaintiff is cautioned that it is his responsibility to organize the

complaint so that Defendants and the Court can readily ascertain what claims Plaintiff is pursuing against which Defendants.

Plaintiff is advised that the Court cannot refer to a prior pleading in order to make Plaintiff's Amended Complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, as an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

In accordance with the above, HEREBY ORDERED that:

1. Plaintiff's Complaint is DISMISSED with leave to amend; and
2. Plaintiff is granted **THIRTY (30) DAYS** from the date of service of this order to file an Amended Complaint;
3. The Clerk of the Court is DIRECTED to send Plaintiff a blank form for action filed pursuant to 42 U.S.C. § 1983.

The failure to file an amended complaint that complies with this order may result in an order striking the amended complaint from the record and may result in an order that this action be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   July 13, 2006**              /s/ Lawrence J. O'Neill
b9ed48                         UNITED STATES MAGISTRATE JUDGE